Nina Rabin, AZ Bar #025246
Workers' Rights Clinic
University of Arizona Rogers College of Law
1145 N. Mountain Ave.
Tucson, AZ 85719
Telephone: (520) 621-9206
Fax: (520) 626-5233
rabin@email.arizona.edu

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

DISTRICT OF ARIZONA

| | |
|---|---|
| YESENIA PALENCIA,<br><br>                    Plaintiff,<br><br>vs.<br><br>HOTEL CLEANING SERVICES, Inc., ASHLAR SERVICES GROUP, LLC. (ASHLAR), JOHN W. KNOEPKER, DEBRA A. KNOEPKER, LORENA PINKSTON & MARINA LOPEZ<br><br>                    Defendants | |

## **INTRODUCTION**

1. This is an action by plaintiff Yesenia Palencia ("Plaintiff"), against her former employers Hotel Cleaning Services, Inc., ("Hotel Cleaning Services"), Ashlar Services Group LLC., ("Ashlar"), John W. Knoepker, Debra A. Knoepker, and Lorena Pinkston (hereinafter collectively referred to as "Defendants").

2. Between about January 5, 2016, and about mid-July 2016, Plaintiff worked for Defendants and, under their supervision, performed janitorial duties at GEICO, located at 930 N.

Finance Center Dr. Tucson, AZ 85710, (hereinafter GEICO) and JW Marriott Tucson Starr Pass Resort & Spa, located at 3800 W. Starr Pass Blvd, Tucson, AZ 85745, (hereinafter Starr Pass Resort). During the relevant period, described above, Plaintiff regularly worked for more than 40 hours in a week. Plaintiff was neither compensated in compliance with the State and Federal minimum wage laws in effect at the time, nor at time and one half for hours worked in excess of 40 in a week. Moreover, Plaintiff was not compensated at all for her work from January 5 through January 10, 2016, or for the 7.5 hours she worked on her last day of employment in mid-July 2016.

3. Plaintiff brings this action in order to recover damages arising out of Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and Arizona's Minimum Wage Law, A.R.S. § 23-362.

4. Specifically, Plaintiff seeks remedies for failure to pay wages in compliance with Federal and State minimum wage laws, and failure to pay wages at time and one half for hours worked in excess of 40 in a week. Plaintiff's recovery includes liquidated, compensatory and punitive damages, prejudgment interest, and costs and attorneys' fees, as provided by law.

**JURISDICTION AND VENUE**

5. This complaint alleges causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C § 1331. This complaint also alleges causes of action under Arizona state laws that arise out of the same set of operative facts as the federal cause of action. Accordingly, this Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c), because Defendants conduct business in this District and because Defendants failed to pay Plaintiff wages for services performed in Arizona.

7. Hotel Cleaning Services and Ashlar, individually and collectively have been enterprises that have had two or more employees handling, selling, or otherwise working on goods or services that have been moved in or produced for commerce, with annual gross volume of sales made or business done of no less than $500,000. 29 U.S.C. § 203(s)(1)(A).

## **PARTIES**

8. Plaintiff is an individual who, at all times relevant to the instant action, has been a resident of Tucson, Arizona.

9. Plaintiff performed cleaning and janitorial services for Defendants at two business locations in Tucson, Arizona, as described above in Paragraph 2.

10. Defendant, Hotel Cleaning Services, is a corporation headquartered in Phoenix, Arizona, with regional offices and operations in Aspen and Denver, Colorado; Kansas City, Missouri; Orlando and Miami, Florida; Salt Lake City, Utah; San Diego, Los Angeles, and Palm Springs, California; Atlanta, Georgia; and Sedona and Tucson, Arizona. Hotel Cleaning Services provides cleaning and staffing services to hotels, resorts, restaurants, building owners, and commercial facilities in the United States. Hotel Cleaning Services had the authority to hire, discipline, or terminate Plaintiff, and its payroll department manages and maintains payroll and employment information for Ashlar, described below in Paragraph 11.

11. Defendant, Ashlar, is a limited liability corporation, described on its website as a proud member of Hotel Cleaning Services, headquartered at the same location as Hotel Cleaning Services. Ashlar provides janitorial cleaning services to industrial and commercial enterprises, in Tucson, Arizona, among other places. Ashlar provided identification cards and materials necessary for Plaintiff to perform her work, set job locations and guidelines for job performance, and its personnel supervised Plaintiff's work and assured Plaintiff that she would receive her wages. Ashlar hired Plaintiff and had the authority to discipline or terminate the employment of Plaintiff.

12. Defendants John W. Knoepker and Debra A. Knoepker co-founded Ashlar on February 8, 2010, and are joint officers of said entity. Defendant, John W. Knoepker is the founder and President of Hotel Cleaning Services. Debra Knoepker is the CEO of Hotel Cleaning Services. Through their respective titles, John W. Knoepker and Debra A. Knoepker act directly in the interests of Hotel Cleaning Services and Ashlar, with respect to employment matters. Lorena Pinkston is the head of the Human Resource Department for Hotel Cleaning Services and Ashlar and as such, she acts directly on behalf of Hotel Cleaning Services and Ashlar with respect to employment matters. Marina Lopez was Plaintiff's immediate supervisor who, among other things, scheduled Plaintiff's hours, made assignments to Plaintiff, supervised Plaintiff's work and handed Plaintiff her pay.

13. Based on the facts set forth above in Paragraph 10, Hotel Cleaning Services, was, at all times relevant hereto, Plaintiff's employer within the meaning of FLSA, 29 U.S.C. § 203 (d), A.R.S. § 23-362 (B), and A.R.S. § 23-350.

14. Based on the facts set forth above in Paragraph 11, Ashlar Services Group, LLC., was, at all times relevant hereto, Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), A.R.S. § 23-362 (B), and A.R.S. § 23-350.

15. Based on the facts set forth above in Paragraph 12 above, John W. Knoepker, Debra A. Knoepker, Lorena Pinkston, and Marina Lopez were, at all times relevant hereto, Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d), A.R.S. § 23-362 (B), and A.R.S. § 23-350.

16. Based on paragraphs 10 through 15, Defendants, were, at all times relevant hereto, joint employers of Plaintiff, within the meaning of 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2. As such, they are jointly and severally liable to Plaintiff for violations of her rights under the FLSA and Arizona law.

**FACTUAL ALLEGATIONS**

17. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth again herein.

18. During the relevant period described above in Paragraph 2, Plaintiff worked a minimum of 7.5 hours per day, usually seven days per week, performing janitorial services described above in Paragraphs 2 and 9. Plaintiff was paid a flat rate of $50.00 per day. Accordingly, her hourly rate, based upon a 40-hour week, was $6.67. In 2016, the Federal minimum was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), while the minimum wage under Arizona law was $8.05 per hour, A.R.S. § 23-362.

19. Plaintiff was not compensated at all for her work performed from January 5 through January 10, 2016 or for 7.5 hours she worked on her last day of employment in or about July 2016.

20. During the relevant period described above in Paragraph 2, Plaintiff regularly worked more than 40 hours in a week performing janitorial services described above in Paragraph 9, but she was never compensated at one and a half times the minimum wage for those hours.

21. As set forth above in Paragraph 20, Plaintiff regularly worked in excess of 40 hours per week. On these occasions she still receive a flat payment of $50 per day reducing her hourly wage even further below statutory minimums.

22. Among the many weeks that Plaintiff was compensated below the minimum wage and worked in excess of 40 hours without receiving payment at a rate of time and one-half the minimum wage is the third week of January, 2016. In that week, Plaintiff worked approximately 52.5 hours over 7 days. As set forth above in Paragraphs 18 through 20, she only received $50 per day. This fails to meet the Arizona minimum wage rate of $8.05 per hour for the first forty hours she worked. It also fails to meet the federal overtime rate of $12.08 per hour she was required to receive for the 12.5 hours she worked in excess of 40 hours.

23. Defendants willfully ignored the federal law requiring Plaintiff to be paid at a rate of one and one half time the minimum wage for hours worked in excess of 40 hours in a week. Defendants willfully ignored Federal and State minimum wage laws.

24. By willfully failing to pay minimum wage and overtime wages, Defendants enjoyed ill-gained profits at the expense of Plaintiff.

25. Defendants failed to maintain accurate records of the hours worked and wages owed to Plaintiff. Defendants failed to provide Plaintiff with accurate records of her wages earned and hours worked upon request. Among other times, Plaintiff through her counsel requested accurate records on June 9, 2017, and Defendants did not provide them.

**FIRST CLAIM FOR RELIEF:**

**FAILURE TO PAY THE MINIMUM WAGE, FAILURE TO COMPLY WITH OVERTIME REQUIREMENTS, AND FAILURE TO MAINTAIN RECORDS IN VIOLATIONS OF THE FLSA, 29 U.S.C. §201** *et. seq.*

26. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth again herein.

27. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), establishes the right of employees to receive a wage that is not less than $7.25 per hour.

28. During the relevant period, described above in Paragraph 2, Defendants paid a flat rate of $50 dollars for 7.5 hours worked per day, during a seven-day period, amounting to payment that was less than $7.25, in violation of 29 U.S.C. § 206(a)(1)(C).

29. During the relevant period, described above in Paragraph 2, Defendant failed to pay any wages to Plaintiff for 7.5 hours worked in July 2016, and failed to pay any wages for the week of January 5 through January 10, 2016, in violation of 29 U.S.C. § 206(a)(1)(C).

30. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), establishes the right of employees to receive an overtime wage that is one and one half times their regular wage for hours worked in excess of 40 hours each week. During the relevant period, described above in Paragraph 2, Plaintiff's regular wage was less than the minimum wage, as described above in paragraph 28, and Defendants failed to pay Plaintiff at one and one half times the minimum wage for those hours which Plaintiff worked in excess of 40 hours in a week, in violation of 29 U.S.C. § 207(a).

31. Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain records of the hours worked and wages earned by their employees. As described in Paragraph 25,

Defendants did not maintain accurate records of Plaintiff's hours worked or wages earned, in violation of 29 U.S.C. § 211(c).

32. Defendants acted neither in good faith nor with reasonable grounds to believe that their actions and their omissions were not a violation of the FLSA.  Because Defendants violated the FLSA with knowledge that they were doing so or with reckless disregard for the requirements of FLSA, their violations of FLSA were willful.

33. Plaintiff has been harmed as a result of Defendants' violations of the FLSA. She has suffered financial damage due to Defendants' refusal to pay her as required by FLSA.

34. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Plaintiff seeks unpaid wages at the required legal rate for all of her working hours during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs and compensatory and punitive damages allowed by law.

**SECOND CLAIM FOR RELIEF:**

**FAILURE TO PAY THE MINIMUM WAGE AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE ARIZONA MINIMUM WAGE ACT, A.R.S. §§ 23-362 et seq.**

35.  Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

36. The Arizona Minimum Wage Act, A.R.S. § 23-363(A), establishes the minimum wage that employers in Arizona must pay to their employees.

37. Section 364(D) of the Minimum Wage Act, A.R.S. § 23-364(D) requires employers to maintain records of their employees' wages earned and hours worked for four years and establishes a rebuttable presumption that the employer did not pay the minimum wage if the employer fails to maintain such records. Section 364(D) further requires that the employer

permit the employee or her representative to "inspect and copy" payroll records upon request.

38. Defendants paid Plaintiff an hourly wage that was less than the Arizona minimum wage, for every hour in 2016 that Plaintiff performed work, in violation of A.R.S. § 23-363.

39. Defendants failed to maintain accurate records of Plaintiff's wages and hours or to disclose those records when they were requested by Plaintiff's representative, in violation of A.R.S. § 23-364(D).

40. Defendants violated Arizona law as set forth above in paragraphs 38 and 39 with knowledge that they were in violation of the law or with reckless disregard for the requirements of the Arizona law. Accordingly, their conduct was willful.

41. Plaintiff has been harmed as a result of Defendants' violations of the Arizona law as described above in paragraphs 38 and 39, including loss of earnings, all of which will be proven at trial.

42. Based on the foregoing and pursuant to A.R.S. § 23-364 (G) and A.R.S. § 23-355(A), Plaintiff seeks unpaid wages at the required legal rate for all of her working hours during the relevant time period, plus an additional amount equal to twice the underpaid wages, prejudgment interest, attorneys' fees and litigation costs, and all other costs, penalties and damages allowed by law. .

## **PRAYER FOR RELIEF**

*WHEREFORE, Plaintiff Yesenia Palencia respectfully requests that this Court:*

A.     Award Plaintiff damages for unpaid minimum wage and time and one half the minimum wage for hours worked over 40 in a week, plus liquidated damages in an equal amount,

plus compensatory and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be determined at trial;

B. Award Plaintiff three times the full amount of wages owed in violation of Arizona's Minimum Wage Act, and interest, as provided by A.R.S. § 23-364(G) and A.R.S. §355(A) in an amount to be determined at trial and assess civil penalties pursuant to A.R.S. § 23-364(F);

C. Award attorneys' fees and costs to Plaintiff for legal services provided by the Workers Rights' Clinic at the University of Arizona, James E. Rogers College of Law pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(G).

D. Grant such additional and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Tucson, AZ

August 21, 2017

                                        Respectfully submitted,

                                        BY: _____/s/_____
                                                        Nina Rabin
                                                         Attorney for Plaintiff